Totten, J.,
delivered the opinion of the court.
This suit came to the circuit court of Fentress, on appeal *320 from a justice of that county, and the only question made, is one of amendment.
By the warrant, the officer is “commanded to summon Abner -, to appear,” &c., omitting the surname of the defendant. In the return and justice’s judgment the name is fully and perfectly stated, but it is not stated that the defendant appeared and made defense to the suit.
In the circuit court the defendant entered a motion to quash the warrant for said defect, and the plaintiff a motion to amend it. The court overruled the motion to amend, and adjudged that the warrant be quashed, from which judgment the plaintiff has prosecuted a writ of error to this court.
In our practice, the power to amend judicial proceedings, in order to attain the justice of the case, has been liberally construed and freely exercised, and this is in conformity to the very liberal provisions of the act of 1809, ch. 49, §21, by which “any omission, defect or imperfection” may be amended, provided “the nature of the action be not changed.”
There is no question, but that an amendment may be made by inserting the given name of a party, which has been casually omitted.
This has been done in many cases, and why may not the same be done as to the family name, when the given name is already correctly stated in the proceedings. The one name is often as distinctive as the other, and we are not aware that any good reason can be assigned for a distinction in the two cases.
The defendant is not benefitted by a denial of the amendment, as he is still liable to another suit, and so, on the contrary, he is not injured by granting it.
The terms of the amendment are in the discretion of the court, as to costs, and any surprise it might produce to the prejudice of the opposite party, against which he will of course be protected.
*321 This subject was discussed in a case at Knoxville, 1851, in which some of the cases, bearing upon it, are referred to.*
In the present case, we are of opinion, that the circuit court erred in refusing to grant the amendment, and order its j udgment to be reversed and the cause to be remanded.

 Smyth vs. Carden; Ante, 28.